GEORGE W. HELMS *et al.*, plaintiffs in error, *vs.* JAMES S. WHIGHAM, guardian, defendant in error.

Where the evidence showed that the note sued on was turned over to the plaintiff, as guardian for the children of Hickey, and that they were all of age except the youngest, it was lawful for the plaintiffs to have a judgment against the defendants without proof of the payment of taxes.

Relief Act of 1870. Minors. Before Judge JOHNSON. Chattahoochee Superior Court. September Term, 1872.

For the facts of this case, see the decision.

E. H. WORRILL, by PEABODY & BRANNON, for plaintiffs in error.

No appearance for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff, as guardian of the minor orphans of A. C. Hickey, deceased, against the defendants, on a promissory note for the sum of $204 12, dated 4th March, 1862. It appears from the evidence in the record that the note was turned over to the plaintiff, as guardian of the children of Hickey, in 1863, and that, at the time of the trial, all of the children of Hickey were of age except one. A motion was made by the defendants to dismiss the case on the ground that the plaintiff had failed to file an affidavit of the payment of taxes, which motion the Court overruled. The defendants then requested the Court to charge the jury, that if the evidence showed that some of the children were of age, and some not, then the plaintiff was entitled to have a verdict as to those under age, for their *pro rata* shares of the note, but could not recover as to those who were of full age, unless there was proof that, after coming of age, they had paid taxes on their parts of the note; which request the Court refused, but charged the jury that if the evidence showed that the note sued on was turned over to the plaintiff, as guardian for

the children of Hickey, and that they were all of age except the youngest, it was lawful for the plaintiff to have a judgment against the defendants without proof of the payment of taxes on the note, to which charge, and refusal to charge as requested, the defendants excepted. In our judgment, there was no error in the refusal of the Court to charge as requested, or in the charge as given, on the statement of facts disclosed in the record.

By the fourteenth section of the Act of 1870 it is declared that "nothing in this Act shall be so construed as to affect *any claim* due any widow, or minor, contracted prior to June 1st, 1865;" therefore, the note sued on is a claim excepted from the provisions of that Act requiring taxes to be paid thereon, even if the Act is a valid, constitutional law, which, in my judgment, it is not.

Let the judgment of the Court below be affirmed.